IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRENDA F. MOORE, | |
| Appellant, | CIVIL ACTION NO.: 4:20-cv-172 |
| v. | |
| GEORGIA UNITED CREDIT UNION, | |
| Appellee. | |

**O R D E R**

Appellant Trenda F. Moore ("Debtor") appeals the United States Bankruptcy Court for the Southern District of Georgia's decision to sustain Appellee Georgia United Credit Union's ("Creditor") Objection to Confirmation and to grant Creditor's Motion for Relief from the Automatic Stay. (Doc. 1-1.) The main issue before the Court is whether the Bankruptcy Court erred by granting Creditor relief from the automatic stay on Debtor's 1.027-acre tract of land. Debtor filed a brief enumerating the alleged errors committed by the Bankruptcy Court in reaching its decision. (Doc. 7.) Creditor then filed its brief, (doc. 8), and Debtor filed a Reply, (doc. 9). For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's decision. (Doc. 2-1, pp. 188–90; doc. 5.)

**BACKGROUND**

**I.    Factual Background**

In 2000, Debtor's mother, pursuant to a Certificate of Order of Year's Support, became the sole owner of 13.25 acres of real property located at 440 Mill Creek Church Road in Ellabell, Bryan County, Georgia 31308. (Doc. 2-2, pp. 50–52; doc. 5, p. 9.) In May 2005, Debtor's mother

divided the 13.25-acre property into two parcels: one 1.027-acre parcel (the "1-Acre Parcel") and one 12.22-acre parcel (the "12-Acre Parcel"). (Doc. 2-2, pp. 53–55; doc. 5, p. 9.) Shortly thereafter, Debtor and her mother obtained a loan from Creditor for $25,000, which was secured by the entire 13.25-acre property (i.e., both the 1-Acre Parcel and the 12-Acre Parcel). (Doc. 2-2, pp. 4–13; doc. 5, pp. 9–10.) The parties later modified the loan on two occasions, raising the loan amount to $65,000 and extending the maturity date to April 16, 2023. (Doc. 2-2, pp. 15–19; doc. 5, p. 10.) In 2010, Debtor's mother transferred ownership of the 1-Acre Parcel to Debtor by executing a deed of gift, but the mother retained sole ownership of the 12-Acre Parcel. (Doc. 2-2, pp. 20–21; doc. 5, p. 10.) The 1-Acre Parcel then became known as 420 Mill Creek Church Road, Ellabell, Bryan County, Georgia, 31308. (Doc. 2-2, p. 55; doc. 5, p. 10.) A brick home sits on the 12-Acre Parcel, and a mobile home sits on the 1-Acre Parcel. (Doc. 5, p. 10.)

In 2019, Debtor's mother died, and her will was admitted to probate. (Doc. 2-2, pp. 26–49; doc. 5, pp. 10–11.) The will, in pertinent part, provided:

> I give, and bequeath all my rights, title, and interest which I have in my residence located at 440 Mill Creek Church Road, Ellabell, Georgia to my children, James J. Moore, Icen L. Moore, Sr., Debra M. Simmons, Elijah E. Moore, Bertha F. Davis, Anjeanette Mutcherson, Ella M. Moore, and Trenda F. Scott equally to share and share alike.

(Doc. 2-2, p. 44.) Thus, as the Bankruptcy Court noted, Debtor, at most, holds a one-eighth interest in the 12-Acre Parcel. (Doc. 2-1, p. 189 n.1.) Debtor last made a payment to Creditor in August 2019. (Doc. 2-3, p. 21; doc. 5, p. 11.)

## II.     Procedural History

Debtor filed for Chapter 13 bankruptcy on February 28, 2020. (Doc. 2-1, pp. 9–15; doc. 5, p. 4.) In her bankruptcy petition, Debtor listed, among other things, the 12-Acre Parcel (including the brick home), the 1-Acre Parcel, and the mobile home sitting on the 1-Acre Parcel

as properties in which she holds an interest. (Doc. 2-1, pp. 24–25; doc. 5, pp. 4–5.) In the "other information" section next to where Debtor listed the 12-Acre Parcel, Debtor indicated that title to the 12-Acre Parcel had not been transferred to her. (Doc. 2-1, p. 25; doc. 5, p. 5.) Debtor valued the mobile home at $18,610.30, the 1-Acre parcel at $10,700, and the 12-Acre Parcel, including the brick home, at $88,800. (Doc. 2-1, pp. 24–25; doc. 5, p. 5.) Debtor stated that she had an interest in the 12-Acre Parcel with "another" and she valued her ownership interest in the 12-Acre Parcel at $10,656. (Doc. 2-1, p. 25.) The only evidence presented to the Bankruptcy Court regarding the value of the properties were the properties' tax parcel maps, which show an "assessed value" for each. (Doc. 2-2, pp. 54–55; doc. 5, p. 11.) The 12-Acre Parcel's tax map, like Debtor, valued the property at $88,800, (doc. 2-2, p. 54), and the 1-Acre Parcel's map valued the property at $39,370, a value which presumably includes the mobile home's value, (id. at p. 55). No appraisal was performed on the properties as separate parcels or as one combined parcel. (Doc. 5, p. 11.)

After filing her bankruptcy petition, Debtor submitted her Chapter 13 bankruptcy plan. (Doc. 2-1, pp. 65–68; doc. 5, p. 5.) In relevant part, Debtor's bankruptcy plan classified Creditor as possessing a one-dollar claim secured by the 1-Acre Parcel with a 4.25% interest rate and a monthly payment of one dollar. (Doc. 2-1, p. 66; doc. 5, pp. 5–6.) The plan further contemplates Debtor surrendering the 12-Acre Parcel to Creditor in full satisfaction of the debt. (Doc. 2-1, p. 67; doc. 5, p. 6.) The plan then contains a non-standard provision, which provides that "[a]ny foreclosure notice concerning the [12-Acre Parcel] must specifically exclude [the 1-Acre Parcel]. The 13.25 acres in legal description in security deed includes both properties - only the [12-Acre Parcel] is being surrendered." (Doc. 2-1, p. 68.) In short, Debtor's plan calls for a partial

surrender[1] of collateral by surrendering to Creditor the 12-Acre Parcel, of which she shares ownership with her mother's other heirs, while retaining the 1-Acre Parcel of which she is the sole owner.

Creditor filed a Motion for Relief from Automatic Stay, (doc. 2-1, pp. 80–83), a Motion for Relief from Co-Debtor Stay,[2] (id. at pp. 106–09), and an Objection to Confirmation, (id. at pp. 76–78).  Creditor also filed a proof of claim for $67,121.27 secured by the entire 13.25-acre property.  (Doc. 2-3.)

The Bankruptcy Court sustained Creditor's Objection to Confirmation and granted the motions for relief from the automatic stay and co-debtor stay, finding that Creditor "established cause for relief under [11 U.S.C. §] 362(d) and that its interests would be irreparably harmed by continuing the co-debtor's stay under [11 U.S.C. §] 1301(c)."  (Doc. 5, pp. 25–26.)  Debtor now appeals the Bankruptcy Court's decision to sustain Creditor's Objection to Confirmation and grant Creditor's Motion for Relief from Automatic Stay.  (See doc. 1-1.)  In her brief, Debtor argues that the Bankruptcy Court erred in granting relief from the automatic stay on the 1-Acre Parcel by: (1) "determining that [Debtor's] inherited interest in the [12-Acre Parcel] . . . was not property of the [bankruptcy] estate;" (2) "determining the partial surrender proposed in [Debtor's] Chapter 13 Plan does not satisfy the provisions of 11 U.S.C. § 1322 and 11 U.S.C. § 1325;" and (3) "granting relief

---

[1] A partial surrender arises when a debtor seeks to surrender one portion of the collateral securing a claim to the secured creditor while retaining another portion of the collateral.  See, e.g., In re Lemming, 532 B.R. 398, 405–06 (Bankr. N.D. Ga. 2015).  The Bankruptcy Court raised the issue of "whether a Chapter 13 debtor may surrender some encumbered property while retaining other encumbered property."  (See doc. 5, pp. 12–22.)  However, after an extensive review of related case law from other bankruptcy courts, the Bankruptcy Court announced that it need not reach a decision on that issue because, even assuming such a partial surrender is allowed, the surrender of property that is not the debtor's property and not part of the bankruptcy estate is not permitted.  (Id. at p. 22.)

[2] In the Motion for Relief from Co-Debtor Stay, Creditor names the heirs at law of Debtor's mother as co-debtors and recognizes Debra M. Simmons and Icen L. Moore, Sr., as the executors of Debtor's mother's estate.  (Doc. 2-1, p. 107.)

from the automatic stay to [Creditor] . . . when the surrender of the [12-Acre Parcel], in which [Debtor] has a partial ownership interest, satisfies the claim of [Creditor] in full." (Doc. 7, pp. 10, 15, 22.) Debtor does not argue that the Bankruptcy Court erred in granting stay relief as to the 12-Acre Parcel. (See generally id.) Creditor filed its brief, (doc. 8), and Debtor filed a Reply, (doc. 9).

## STANDARD OF REVIEW

This court has jurisdiction over appeals of a final order of the United States Bankruptcy Court for the Southern District of Georgia pursuant to 28 U.S.C. § 158(a). An order granting relief from a stay is a final order within the meaning of 28 U.S.C. § 158(a). See, e.g., Old W. Annuity & Life Ins. Co. v. Apollo Grp., 605 F.3d 856, 862 (11th Cir. 2010) ("A stay-relief order is a final order that is immediately appealable.").

The Court functions as an appellate court in reviewing the Bankruptcy Court's determinations. 28 U.S.C. § 158(a); In re Williams, 216 F.3d 1295, 1296 (11th Cir. 2000). As such, the Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard of review and its interpretation and application of the Bankruptcy Code under *de novo* review. In re Feingold, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013). Furthermore, "[a] decision to lift the [automatic] stay is discretionary with the bankruptcy judge[] and may be reversed only upon a showing of abuse of discretion." In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989). "An abuse of discretion occurs when a court uses an incorrect legal standard, applies the law in an unreasonable or incorrect manner, misconstrues its proper role, follows improper procedures in making a determination, or makes clearly erroneous findings of fact." In re Bagwell, 741 F. App'x 755, 758 (11th Cir. 2018) (citing Sciarretta v. Lincoln Nat'l Life Ins. Co., 778 F.3d 1205, 1212 (11th Cir. 2015)).

**DISCUSSION**

**I.      Jurisdiction**

Before reaching the merits of Debtor's arguments, the Court must ensure it has jurisdiction to entertain her appeal of the Bankruptcy Court's order granting relief from the automatic stay. See In re Meus, 718 F. App'x 937, 940 (11th Cir. 2018) ("We 'may not assume jurisdiction for the purpose of deciding the merits of the case.'") (quoting Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007)).  The specific concern to the Court in this case is mootness.  See Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329, 1331–32 (11th Cir. 2005) ("[B]ecause the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte*, regardless of whether the district court considered it or if the parties briefed the issue."). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." In re Meus, 718 F. App'x at 941 (quoting Christian Coal of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011)).  "When a debtor fails to obtain a stay pending appeal of an order granting a creditor relief from the automatic stay and allowing that creditor to foreclose on the debtor's property, a completed foreclosure and sale of the property will render any appeal moot, as this Court is powerless to rescind the completed sale on appeal." Id. at 941 (citing In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294, 1295–96 (11th Cir. 1984)).

Here, Creditor's Brief and Debtor's Reply reveal that the entire 13.25-acre property was sold at a foreclosure sale for $77,501.  (Doc. 8, p. 18; doc. 9, pp. 6–8.)  However, the parties did not provide much information regarding the foreclosure, such as when the foreclosure sale occurred, whether a deed under power has been executed and/or recorded, or whether the foreclosure sale was conducted properly.  (See docs. 8, 9.)  The only additional information about the foreclosure provided by the parties is a copy of an August 10, 2020, Notice of Lis Pendens

filed with the Bryan County, Georgia, Clerk of Court, stating that Debtor's present appeal is pending and that Debtor seeks relief in this Court to prohibit Creditor from foreclosing on the 13.25-acre property.[3]  (Doc. 9, pp. 12–13.)  Considering the lack of information about the foreclosure provided by the parties and the Notice of Lis Pendens giving notice to buyers that any purchaser is bound by the outcome of this appeal, the Court addresses the merits of the present case.  See Matter of T & H Diner, Inc., 108 B.R. 448, 452 (D. N.J. 1989) ("An appeal will be dismissed as moot only where the reviewing court is prevented from granting any effective relief. . . . The debtor filed a *lis pendens* on the property. . . . The entity which purchased the debtor's lease, therefore, takes possession subject to the ultimate outcome of this dispute.  Accordingly, the debtor is not left without a remedy.").

## II.     Relevant Statutory Authority

### A.     The Bankruptcy Code's Automatic Stay

The filing of a bankruptcy petition triggers an automatic stay. 11 U.S.C. § 362(a).  "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors . . . [by] stop[ping] all collection efforts, all harassment, and all foreclosure actions."  In re Patterson, 967 F.2d 505, 512 n.9 (11th Cir. 1992).  "It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."  Id.

However, "[a]s the automatic stay . . . may impose an unfair hardship on particular creditors, [11 U.S.C.] § 362(d) directs the bankruptcy court to grant relief from the stay" for certain

---

[3] "The phrase 'lis pendens' means, literally, pending suit."  Boca Petroco, Inc. v. Petrol. Realty II, LLC, 678 S.E.2d 330, 332 (Ga. 2009) (citation omitted).  "Its purpose is one of notice, that is, the aim is to inform prospective purchasers that real property is directly involved in a pending lawsuit, in which lawsuit there is some relief sought in regard to that particular property."  Id.; see also Vance v. Lomas Mortg. USA, Inc., 426 S.E.2d 873, 875 (Ga. 1993) (holding that lis pendens provides constructive notice and binds third parties to the outcome of the litigation).

7

reasons.  In matter of Shree Meldikrupa Inc., 547 B.R. 862, 871 (Bankr. S.D. Ga. 2016).  Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
>   (A) the debtor does not have an equity in such property; and
>
>   (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1), (2).  Subsections (d)(1) and (2) are "separate and independent bases for granting creditors relief from the automatic stay.  Therefore, relief may be granted under either subsection without regard to the other subsection's requirements."  NationsBank of Va., N.A. v. DCI Publ'g of Alexandria, Inc., 160 B.R. 538, 540 (E.D. Va. 1993).  Furthermore, "[t]he term 'cause' is not defined in § 362(d)(1) or elsewhere in the Bankruptcy Code."  In re Feingold, 730 F.3d at 1276.  "There is no set list of circumstances that a bankruptcy court is required to consider in evaluating whether § 362(d)(1) 'cause' exists to lift the automatic stay."  Id. at 1277.  "Rather, courts evaluating whether to grant stay relief have looked to a variety of case-specific factors, including (1) whether the debtor has acted in bad faith; (2) the 'hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code';' and (3) pending state court proceedings.  Id. (citations omitted).

**B.      Requirements and Confirmation of a Bankruptcy Plan**

When a debtor files for Chapter 13 bankruptcy, the debtor must also propose a bankruptcy plan.  11 U.S.C. § 1321; see also In re Bateman, 331 F.3d 821, 826 (11th Cir. 2003) ("[W]hen a debtor initiates a Chapter 13 bankruptcy, he or she files a petition and, in many instances simultaneously, a proposed plan.").  The bankruptcy plan "contains the treatment to be afforded each creditor, including whether and how much each is to receive during the course of the plan's term." In re Bateman, F.3d at 826.  Section 1322 sets forth the possible contents of a Chapter 13 plan.  Id.  Section 1322(a) lists the mandatory plan content, and Section 1322(b) provides permissive plan content.  11 U.S.C. § 1322(a), (b); see also Bank One, NA v. Leuellen, 322 B.R. 648, 652 n.2 (Bankr. S.D. Ind. 2005).  Under the permissive provisions of Section 1322(b), a bankruptcy plan may "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor" or "include any other appropriate provision not inconsistent with this title."  11 U.S.C. § 1322(b)(8), (11).  In contrast to Section 1322, Section 1325 of the Bankruptcy Code provides the requirements for a court to confirm a plan.  See 11 U.S.C. § 1325.  Under Section 1325, as is relevant to the present case, a court must confirm a plan's treatment of a secured claim if: (1) the secured creditor accepts the plan; (2) the debtor retains the collateral and makes payments to the secured creditor (known as "cramdown"); or (3) the debtor surrenders the collateral to the secured creditor.  11 U.S.C. § 1325(a)(5); see also In re Brown, 746 F.3d 1236, 1239 (11th Cir. 2014).  Thus, "[b]oth Section 1322 and Section 1325 regulate plan provisions.  Section 1322 contains the building blocks of a plan, while Section 1325 tests whether the plan may stand." In re Lemming, 532 B.R. at 410.  "Consequently, the provisions of Section 1325 do not in and of themselves create a basis for a plan to do something not enabled by Section 1322."  Id.

### III. Alleged Errors Committed by the Bankruptcy Court

Debtor claims that the Bankruptcy Court erred in granting Creditor relief from the automatic stay on the 1-Acre Parel by: (1) "determining that [Debtor's] inherited interest in the [12-Acre Parcel] . . . was not property of the [bankruptcy estate];" (2) "determining the partial surrender proposed in [Debtor's] Chapter 13 Plan does not satisfy the provisions of 11 U.S.C. § 1322 and 11 U.S.C. § 1325;" and (3) granting relief "when the surrender of the [12-Acre Parcel], in which [Debtor] has a partial ownership interest, satisfies the claim of [Creditor] in full." (Doc. 7, pp. 10, 15, 22.)  The Court addresses each alleged error in turn.

### A. Debtor's interest in the 12-Acre Parcel is part of the bankruptcy estate, but the other seven-eighths interest in the 12-Acre Parcel is not part of the bankruptcy estate.

Debtor first argues that the Bankruptcy Court erred in granting Creditor relief from the automatic stay as to the 1-Acre Parcel by determining that Debtor's inherited interest in the 12-Acre Parcel was not property of the bankruptcy estate. (Id. at pp. 10–15, 17.)  Creditor responds that Debtor's argument is baseless because the Bankruptcy Court did rule that Debtor's one-eighth inherited interest in the 12-Acre Parcel is part of the bankruptcy estate. (Doc. 8, pp. 5–6.)

The Bankruptcy Court's decision[4] is ambiguous as to whether it considered Debtor's inherited one-eighth interest in the 12-Acre Parcel part of the bankruptcy estate.  The Bankruptcy Court denied confirmation of Debtor's bankruptcy plan because it found that "11 U.S.C. §§ 1322(b)(8) and 1325(a)(5) do not permit the partial surrender of property that the debtor does not own." (Doc. 2-1, p. 189.)  The Bankruptcy Court also stated that "[t]he property that [Debtor] . .

---

[4] The Bankruptcy Court ruled from the bench during a July 14, 2020, hearing on the objection and motions for stay relief. (See doc. 5 (hearing transcript).)  At that time, the Court orally announced its findings of fact and conclusions of law. (Id.)  Within days of the hearing, the Bankruptcy Court issued a three-page written order containing a brief summary and overview of its ruling at the hearing. (Doc. 2-1, pp. 188–90.)  The written order also referenced the oral findings and conclusions and "incorporated [them] as final." (Id. at p. 190.)

. proposes to surrender is neither property of the estate nor property of the [D]ebtor.  There appears to be no statutory basis for surrender . . . of property that the debtor does not own, nor has [Debtor] cited any case on point that directly supports her proposal to surrender property that is neither property of the estate nor property of the debtor." (Doc. 5, pp. 23–24.)  However, the Bankruptcy Court did recognize Debtor's inherited interest in the 12-Acre Parcel, stating:

> The debtor proposes a partial surrender of property that the debtor does not own. The only collateral owned by the debtor is the [1-Acre Parcel].  The [12-Acre Parcel] belonged to the debtor's mother prior to her passing, and *pursuant to the mother's will, was divided to the heirs, of whom the debtor is only one of eight.* Nothing in either Section 1322 or 1325 contemplates surrender of property that the debtor does not own.

(Id. at p. 22 (emphasis added).)  The Bankruptcy Court also recognized Debtor's one-eighth interest in its written order, stating that "[a]t most, the Debtor had a one-eighth interest in the [12-Acre Parcel]." (Doc. 2-1, p. 189 n.1.)  Furthermore, nowhere in its decision did the Bankruptcy Court explicitly rule that Debtor's one-eighth inherited interest in the 12-Acre Parcel was not part of the bankruptcy estate.  (See doc. 2-1, pp. 188–90; doc 5.)  Thus, while its decision is ambiguous, the Bankruptcy Court appears to have determined that Debtor's one-eighth interest in the 12-Acre Parcel was part of the bankruptcy estate while the other the seven-eighths interest that Debtor did not own was not.

Regardless of the Bankruptcy Court's decision, the Court concludes that Debtor's one-eighth interest is part of the bankruptcy estate.  A Chapter 13 bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case" and like interests "acquire[d] after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. §§ 541(a)(1), 1306(a)(1).  "[T]he definition of legal or equitable interests is determined by state law." In re Oswald, 90 B.R. 218, 221 (Bankr. N.D. W. Va. 1988) (citing

United States v. Butner, 440 U.S. 48, 57 (1979)). Thus, Georgia law defines Debtor's interest in the 12-Acre Parcel.

Under Georgia law, "[t]itle to property does not pass to the heirs or beneficiaries until the executor assents to the distribution of the property." In re Lary, 338 B.R. 141, 146 (Bankr. M.D. Ga. 2006) (citing O.C.G.A. § 53-8-15(a)). "Assent should be evidenced in writing as a deed of conveyance to real property . . . ." O.C.G.A. § 53-8-15(b). "Upon the executor's assent, the devisee's title . . . relates back to the date of the deceased death." In re Lary, 338 B.R. at 146.

The facts are unclear as to whether the personal representative of Debtor's mother's estate assented to the transfer of title of the 12-Acre Parcel to Debtor and the other devisees. If the personal representative has assented to the transfer of title, then, under Georgia law, Debtor and the co-owners hold legal title of the 12-Acre Parcel as tenants in common. See Williams v. Williams, 223 S.E.2d 109, 110 (Ga. 1976) ("[U]pon the death of the owner of realty . . . the devisees have an inchoate title in the realty which is perfected when the executor assents to the devisees.") (citation omitted); see also O.C.G.A. § 44-6-120 ("Unless otherwise specifically provided by statute and unless the document or instrument provides otherwise, a tenancy in common is created wherever from any cause two or more persons are entitled to the simultaneous possession of any property."). Notably, however, even if the personal representative has not assented, then Debtor holds an inchoate title—a protected legal right—to the 12-Acre Parcel, and, upon the executor's assent, Debtor's title to the 12-Acre Parcel will relate back to the date of the mother's death, which preceded the filing of Debtor's bankruptcy petition. See Hollberg v. Spalding Cnty., 637 S.E.2d 163, 168–69 (Ga. Ct. App. 2006) ("[I]nchoate title in real estate . . . is a legal right that will be protected.") (quoting Allan v. Allan, 223 S.E.2d 445 (1976)); In re Lary,

338 B.R. at 146 ("Defendant's inchoate title to the residence was property of her bankruptcy estate.").

Here, Debtor owns a one-eighth interest in the 12-Acre Parcel, and, thus, that interest is part of the bankruptcy estate. See In re Quinones, No. 16-56100-LRC, 2017 WL 4271103, at *3 (Bankr. N.D. Ga. Sept. 22, 2017) ("Debtor owned an undivided interest as joint tenant in the Property on the Petition Date, and pursuant to § 541(a)(1), this interest became property of Debtor's bankruptcy estate."); In re Oswald, 90 B.R. at 221 ("Under West Virginia law, the debtor . . . owns a one-half undivided interest in the jointly owned real estate and pursuant to § 541 of the Bankruptcy Code, this one-half undivided interest became property of the debtor's estate when the debtor filed his petition in bankruptcy."). Furthermore, Creditor appears to concede that Debtor's one-eighth interest in the 12-Acre Parcel is property of the bankruptcy estate. (Doc. 8, pp. 5–6.) Thus, Debtor's inherited one-eighth interest is part of the bankruptcy estate. However, because Debtor does not own the other seven-eighths interest in the 12-Acre Parcel, that interest is not part of the bankruptcy estate. See 11 U.S.C. §§ 541(a)(1), 1306(a)(1); see generally In re Beach, 169 B.R. 201, 203–04 (D. Kan. 1994) ("[T]he bankruptcy estate is limited to property in which the debtor has a legal or equitable interest.").

### B. Sections 1322 and 1325 do not permit Debtor to include in her partial surrender collateral that is not part of the bankruptcy estate.

Debtor next argues that the Bankruptcy Court erred in determining that the partial surrender proposed by Debtor under her Chapter 13 plan does not satisfy Sections 1322 and 1325 of the Bankruptcy Code. (Doc. 7, pp. 15–22.) Under Section 1322(b), a bankruptcy plan may "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor" or "include any other appropriate provision not inconsistent with this title." 11 U.S.C. § 1322(b)(8), (11). Under Section 1325, a court must confirm a plan's treatment of a

13

secured claim if the debtor surrenders the collateral to the secured creditor.  11 U.S.C. § 1325(a)(5)(C).

Debtor's bankruptcy plan proposes a "partial surrender" of Creditor's collateral, as she seeks to surrender the 12-Acre Parcel in full satisfaction of her debt to Creditor while retaining the 1-Acre Parcel for herself.[5]  (Doc. 2-1, pp. 66–68.)  The Bankruptcy Court denied confirmation of Debtor's plan because it determined that Sections 1322(b)(8) and 1325 do not permit the partial surrender of collateral Debtor does not own.  (Doc. 5, p. 22.)  Specifically, the Bankruptcy Court found that Section 1322(b)(8), which provides the statutory basis for surrendering property in a Chapter 13 plan, explicitly permits a debtor to surrender property only if it is either part of the debtor's estate or part of the bankruptcy estate.  (Id. at pp. 22–24.)  The Bankruptcy Court determined that Debtor could not surrender the entire 12-Acre Parcel to Creditor because Debtor holds only a one-eighth interest in the 12-Acre Parcel and the remaining seven-eighths interest in the 12-Acre Parcel is not part of the bankruptcy estate.  (Id. at pp. 23–24.)  While the Bankruptcy Court acknowledged that Congress intended to provide flexibility to Chapter 13 debtors, the Bankruptcy Court ultimately determined that the plain meaning of Section 1322(b)(8) trumps any such congressional intent, stating, "Had Congress intended for debtors to be able to surrender property that is neither property of the estate nor property of the debtor, then it could have said so in Section 1322(b)(8), but it did not."  (Id. at pp. 24–25.)

Debtor argues that the Bankruptcy Court's "narrow interpretation of [Section] 1322(b)(8) as requiring property surrendered to either be property of the debtor or property of the estate ignores the non-exclusive nature of [Section] 1322(b)(8) as demonstrated by [Section] 1322(b)(11)

---

[5] Because the Court finds Debtor cannot surrender property that is not part of her estate or the bankruptcy estate, the Court does not address the issue of whether the Bankruptcy Code would otherwise generally permit a Chapter 13 debtor to surrender less than the whole piece of property pledged as collateral.

and ignores the plain language of [Section] 1325(a)(5)(C)." (Doc. 7, p. 16.) According to Debtor, "[h]ad Congress chosen to require only surrender of property of the estate it easily could have stated so in [Section] 1325." (Id.) Thus, according to Debtor, Section 1322(b)(8) does not prevent her from proposing a partial surrender of collateral that is not part of the bankruptcy estate. (Id. at p. 15.)

Following a *de novo* review, the Court finds that the Bankruptcy Court did not err by ruling that Debtor may not surrender the 12-Acre Parcel because she only owns a one-eighth interest in it and does not own (and thus cannot surrender) the remaining seven-eighths interest in it. First, nothing in Sections 1322(b)(8) and 1325(a)(5)(C) contemplates the surrender of an interest in real property—even property serving as collateral—that is not owned by the debtor and is not part of the bankruptcy estate. Taken together, these provisions permit a Chapter 13 debtor to satisfy a debt to a secured creditor by surrendering property of the estate or property of the debtor only. See Bank One, NA, 322 B.R. at 652 ("[Section 1322(b)(8)] contemplates surrender of collateral as a form of payment . . . ."); 7 Norton Bankr. L. & Prac. 3d § 149:13 ("Working together, §§ 1322(b)(8) and 1325(a)(5)(C) permit a Chapter 13 debtor to satisfy the holder of an allowed secured claim by transferring or surrendering property of the estate or property of the debtor to the claim holder."). As discussed in Discussion III.A, supra, Debtor's one-eighth interest in the 12-Acre Parcel is part of the bankruptcy estate. Thus, Debtor can propose to surrender the one-eighth interest in the 12-Acre Parcel. However, because the other seven-eighths interest in the 12-Acre Parcel is not part of the bankruptcy estate—and nothing in Sections 1322(b)(8) and 1325(a)(5)(C) indicates that Debtor may surrender a property interest that she does not own—Debtor cannot surrender the other seven-eighths interest. Furthermore, Debtor does not cite to any statutory authority or case law

directly supporting her position that she can surrender an interest in property that is not part of her own estate or the bankruptcy estate. (See docs. 7, 9.)

Debtor's argument that she can surrender collateral that she does not own because the "plain language of [S]ection 1325 does not limit surrender of property to a creditor to property of the debtor or property of the estate" is unpersuasive. While Section 1325(a)(5)(C) permits a debtor to "surrender[] the property securing [the creditor's] claim" and is silent as to ownership of the collateral, that provision must be read in conjunction with Section 1322(b)(8). See, e.g., In re Tennyson, 611 F.3d 873, 877 (11th Cir. 2010) (In interpreting statutes, "we read the statute to give full effect to each of its provisions. We do not look at one word or term in isolation, but instead we look to the entire statutory context.") (citation omitted); Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1213 (11th Cir. 2010) ("We must also consider [the critical word's] placement and purpose in the statutory scheme."). As previously stated, Section 1322(b)(8) allows the surrender of property in a Chapter 13 bankruptcy plan only if the property is property of the debtor or of the bankruptcy estate. Thus, reading the two provisions in conjunction, Sections 1322(b)(8) and 1325(a)(5)(C) permit a debtor to surrender collateral to a creditor in satisfaction of the debt if the property is part of the bankruptcy estate or property of the debtor. Here, as discussed in Discussion III.A, supra, only Debtor's one-eighth interest is part of the bankruptcy estate. Thus, taking Sections 1322(b)(8) and 1325(a)(5)(C) together, Debtor cannot surrender the entire interest in the 12-Acre Parcel. Instead, Debtor can only surrender her one-eighth interest because that is the only interest she owns. Accordingly, the Bankruptcy Court did not err by determining that Debtor could not surrender the seven-eighths interest in the 12-Acre Parcel that was not part of the bankruptcy estate.

> **C.     Debtor's proposed surrender of the 12-Acre Parcel does not satisfy Creditor's claim in full, and Creditor was therefore entitled to relief from the automatic stay as to Debtor's interest in the 1-Acre Parcel.**

Finally, Debtor argues that the Bankruptcy Court erred in granting Creditor relief from the automatic stay as to the 1-Acre Parcel because the surrender of the 12-Acre Parcel satisfies Creditor's claim in full.  (Doc. 7, pp. 22–25.)  According to Debtor, "[t]here are no grounds to grant relief from the automatic stay as to the [1-Acre Parcel] under 11 U.S.C. § 362(d)."  (Id. at p. 25.)  Pointing to the 12-Acre Parcel's $88,800 tax value, Debtor asserts that the surrender of the 12-Acre Parcel satisfies, in full, Creditor's claim for $67,121.27.  (Id. at p. 23.)  Thus, Debtor argues, her plan to surrender the 12-Acre Parcel while allowing Creditor to retain a one-dollar lien on the 1-Acre Parcel satisfies either subsection (B) or subsection (C) of Section 1325(a)(5).  (Id.)

Creditor argues that "the Bankruptcy Court was correct in limiting the value of collateral . . . [to Debtor's] one-eight[h] interest in the [12-Acre Parcel] and her interest in the [1-Acre Parcel] that she was deeded."  (Doc. 8, p. 18.)  According to Creditor, "[e]ven if [Debtor] were allowed to partially surrender her property . . ., the value of her combined collateral would still have to satisfy [Creditor's] claim in full for her plan to be confirmed."  (Id. at p. 19 (citing In re Keokuk, 600 B.R. 593 (Bankr. E.D. Ky. 2019)).)  Creditor argues that, in the present case, "the surrender of [the 1-Acre Parcel] and [Debtor's] one-eighth interest in the [12-Acre Parcel] will not satisfy [Creditor's] claim in full."  (Id. at p. 20.)

Section 1325(a)(5)(B) provides that a court shall confirm a bankruptcy plan as to a secured claim if the plan provides: (1) that the secured creditor retains its lien on the collateral until the debtor satisfies the underlying debt as determined under non-bankruptcy law, 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa); and (2) "the value . . . of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim," 11 U.S.C. §

17

1325(a)(5)(B)(ii). Debtor's argument that her surrender of the 12-Acre Parcel will satisfy Creditor's claim in full relies on the presumption that Debtor can surrender the entire 12-Acre Parcel. However, as discussed at length in Discussion III.B, <u>supra</u>, Section 1322(b)(8) allows a debtor to "provide for the payment of all or part of a claim . . . *from property of the estate or property of the debtor*." 11 U.S.C. § 1322(b)(8) (emphasis added). The seven-eighths interest in the 12-Acre Parcel that Debtor does not own is neither her property nor part of the bankruptcy estate and, thus, it cannot be surrendered by her to Creditor. (<u>See</u> Discussion III.A and B, <u>supra</u>.) It follows, then, that to calculate "the value . . . of property to be distributed under the plan," the Court looks only to the value of the property Debtor's bankruptcy plan would distribute to Creditor: Debtor's one-eighth interest in the 12-Acre Parcel. Assuming a valuation of $88,800, the value of Debtor's property is one-eighth of $88,800, which is significantly less than Creditor's claim of $67,121.27. Thus, "the value . . . of property to be distributed under" Debtor's bankruptcy plan is "less than the allowed amount" of Creditor's claim and does not satisfy Creditor's claim in full as Debtor argues. <u>See</u> <u>In re Keokuk</u>, 600 B.R. at 605 (rejecting debtor's proposal to surrender property combined with periodic payments because the total value did not equal the value of the creditor's claim). Furthermore, Debtor does not cite to any case law directly supporting her position that the value of collateral she does not own can be included in the calculation of value under Section 1325(a)(5)(B)(ii). Finally, Debtor makes no express argument that the Bankruptcy Court abused its discretion in ruling that Creditor established cause under Section 362(d)(1). Accordingly, the Bankruptcy Court did not err in granting Creditor relief from the automatic stay as to Debtor's interest in the 1-Acre Parcel.

## CONCLUSION

Based on the foregoing, the Court **AFFIRMS** the Bankruptcy Court's decision to sustain the Georgia United Credit Union's Objection to Confirmation and to grant it relief from the automatic stay as to the entire 13.25-acre property.  (Doc. 5.)

**SO ORDERED**, this 29th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA